[Sac. No. 630.   Department One.—July 31, 1900.]

MANUEL PERERIA, Respondent, v. R. J. WALLACE et al.,
. Appellants.

MUNICIPAL FRANCHISE FOR ELECTRIC LIGHT AND POWER — MANDAMUS—
PLEADING—DEMAND AND REFUSAL.—In an action of *mandamus* to
compel the board of trustees of a town to grant a franchise to
the plaintiff to erect and maintain poles and wires along the
streets of the town for the purpose of conveying electricity for
power and lighting purposes to its inhabitants, where the complaint sets forth a sufficient petition presented to the board for

the franchise, which it alleges was denied, and that the board refused to take further action thereon, the averment of demand and refusal is sufficient.

ID.—SPECIAL DEMAND FOR SPECIFIC ACTS OF DUTY NOT REQUIRED.—The complaint need not allege a special demand upon the board for the performance of specific acts or steps required of them in the granting of the franchise. The refusal to grant the franchise was a refusal to take any of the steps required of them, and no further demand was necessary.

ID.—HEARING UPON VERIFIED PETITION—FAILURE TO ANSWER—PROOF—FINDINGS OF COURT.—In a hearing had upon a verified petition for a writ of mandate, where the defendant has failed to answer, the truth of all the facts alleged is conceded, and they do not need to be otherwise proved; and where the court in such case heard the cause upon the complaint, and made and filed findings in accordance therewith, the judgment entered thereupon is not contrary to law or void, as being a judgment by default.

ID.—PRIVILEGES GRANTED TO RIVAL COMPANY—PLEADING—WAIVER OF OBJECTIONS—FINDINGS—PRESUMPTION OF EVIDENCE—JUDGMENT.—Where the complaint showed that four of the trustees were interested in a rival company engaged in furnishing electricity for light and power, and that at the meeting at which plaintiff's petition was rejected the route of such rival company was approved, though not specifically alleging, as it should, the conditions of its franchise, yet, in the absence of a special demurrer, and of objections to evidence, it must be presumed that a finding, in addition to the facts alleged, that such company did not bid for its franchise, and that it was not sold to it, was sustained by evidence; and a judgment upon the findings awarding a writ of mandate to the trustees to grant the same privileges which were bestowed upon such company, is not objectionable.

ID.—FRANCHISES UNDER CONSTITUTION—CONSTRUCTION—MANDATORY AND PROHIBITORY PROVISIONS—ACT FOR SALE UNCONSTITUTIONAL.—In section 19 of article XI of the constitution, the word "city" is to be construed as including "town"; and the privileges therein granted of using the public streets, and of laying down pipes and conduits therein, under the regulations and conditions provided for in the section, for the purpose of supplying the city and its inhabitants with illuminating light, etc., are mandatory and prohibitory, and exclude the right of the municipality to award such privileges to the highest bidder. The act of 1897 (Stats. 1897, p. 135), providing for the public sale of such franchises, is unconstitutional.

ID.—DUTY OF MUNICIPAL OFFICERS—IMPARTIALITY OF PRIVILEGES UNDER REGULATIONS—PRIOR GRANT OF FRANCHISE.—It is the duty of the officers of a municipality, subject to the regulations provided for in the constitution, to grant to any applicant a franchise for the use of its streets for poles and wires for the purpose

of supplying the municipality and its inhabitants with electricity for the purposes of light and power. A prior grant of a similar franchise or privilege to other persons or corporations is no reason for not granting it to another.

ID.—GENERAL REGULATIONS FOR DAMAGES AND INDEMNITY—JUDGMENT FOR EQUAL PRIVILEGES—PRESUMPTION—ESTOPPEL OF TRUSTEES.— Where it does not appear that the town trustees had made any "general regulations for damages and indemnity for damages," such as are referred to in section 19 of article XI of the constitution, but it does appear that they had granted a privilege to another company identical with that sought by and awarded to the plaintiff, the judgment awarding the same privilege necessarily includes whatever regulations are imposed upon that company. It must be presumed that the grant of equal privileges to the two companies does not exceed the powers or duties of the trustees; and the trustees cannot assert the contrary as against the plaintiff.

APPEAL from a judgment of the Superior Court of Siskiyou County. J. S. Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellants.

John N. Magoffey, for Respondent.

HAYNES, C.—The defendants are the trustees of the town of Etna, in Siskiyou county. In May, 1898, the plaintiff presented to said trustees a petition for a franchise to erect and maintain poles and wires along the streets of said town for the purpose of conveying electricity for power and lighting purposes to be furnished the inhabitants thereof. Afterward, on July 5, 1898, said trustees denied said petition, and refused to take further action in the premises.

The plaintiff thereupon commenced this action to compel the defendants to grant said franchise. An alternative writ was granted directing the board "to proceed with the provisions of law in relation to the granting of such franchise forthwith, or to show cause," upon a day named, why they have not done so. Defendants demurred to said complaint, and the demurrer was overruled, with leave to answer. No answer having been filed, the matter was heard upon the complaint, and the court made and filed findings, and ordered a writ of mandate to issue requiring the defendants to grant the plaintiff "the same privileges

as that granted to the Etna Development Company"; and from that judgment the defendants appeal upon the judgment-roll.

The complaint set out a copy of the petition presented by the plaintiff to the board of trustees, prior to the commencement of this action, praying that such franchise issue to him, and no point is made by appellants as to its sufficiency. It is alleged in the complaint that said petition was denied, and that the board refused to take further action on it; and appellants contend that the complaint is insufficient, in that it fails to show that any demand was made upon the board for the performance of any specific act which it was their duty to perform; that whatever steps the trustees were required to take upon the petition, or upon its rejection, should have been the basis of a specific demand by the petitioner.

This contention cannot be sustained. If it was the duty of the board to grant the franchise petitioned for, it was their duty to take each and every step required by the law for that purpose without further demand. (*Santa Rosa Lighting Co. v. Woodward*, 119 Cal. 30.)

It certainly was not required of the petitioner, when his petition was wholly denied and rejected, that each particular act which the board might have to perform, if they should grant the franchise, should be specifically demanded. The refusal to grant the franchise was itself a refusal to take any of the steps, and no further demand was necessary to enable the plaintiff to maintain this action.

Appellants further contend that the judgment is contrary to law and void; that the writ cannot be granted by default. (Citing Code Civ. Proc., sec. 1088.)

The complaint was verified, and the failure of the defendants to answer conceded the truth of all the facts alleged. Facts so conceded do not need to be otherwise proved. (Code Civ. Proc., sec. 1094; *Hayward v. Pimental*, 107 Cal. 390.)

It is also claimed by appellant that the writ of mandate granted is not only different from the alternative writ, but "is entirely different, and something he never pretended to have demanded or even asked for, viz., a writ requiring the board of trustees to grant him the same privileges as that granted to the Etna Development Company."

The complaint alleged that the Etna Development Company, a corporation, was interested in furnishing light and power by means of electricity to said town of Etna, that four of said trustees named in the complaint are stockholders or shareholders in said corporation and interested therein, that at the meeting at which plaintiff's petition was rejected the route for the poles and wire of said development company was approved by the board, and upon belief alleged that plaintiff's petition was rejected for the purpose of preventing competition with the business of the development company. Plaintiff further alleged that he had established at great expense an electric light and power plant, and had erected poles and extended wires from his plant to the corporate limits of the town; that large numbers of the citizens of the town requested him to establish such plant, and have agreed to use lights supplied from his plant; and his prayer was for a writ requiring defendants as such board "to proceed with said matter of said application for a franchise according to the laws of the state of California," and for other and further relief.

The court found the foregoing facts as alleged, and also found: "That the said Etna Development Company did not bid for, and the said board of trustees did not grant or sell to said company, a franchise to exercise such right"; and appellant contends that this finding is outside of the pleadings, and not justified by the evidence. We must assume, however, in support of the finding, that there was evidence to support it. There was no motion for a new trial, nor any bill of exceptions or statement showing what evidence was introduced, and upon appeal from the judgment the sufficiency of the evidence to justify the findings cannot be inquired into. It may be conceded that the complaint should have alleged the conditions of the franchise to the development company with greater particularity, but, in the absence of a special demurrer and of any objection to the evidence, appellants cannot complain and were not prejudiced.

Appellants quote largely from the act of 1897 in relation to franchises and privileges of the character here in question, contending that said act (Stats. 1897, p. 135) "contemplates the public sale of any and all privileges hereafter to be granted to

any party." Said act provides that: "Every franchise or privilege to erect or lay telegraph or telephone wires, to construct or operate street railroads upon any public street or highway, to lay gas or water pipes, to erect poles or wires for transmitting electric power or for lighting purposes along or upon any public street or highway, or to exercise any other privilege whatever hereafter proposed to be granted by the board of supervisors, board of trustees, common council, or other governing or legislative body of any city and county, city or town, within this state, except steam railroads, telegraph lines, and renewal of franchises for piers, chutes, and wharves, shall be granted upon the conditions in this act provided, and not otherwise." The act further provides that, when an application is made for a franchise, that fact, with a statement that it is proposed to grant the same, shall be advertised, stating that bids will be received for such franchise, and that it will be awarded to the highest bidder; that the bids must be for a stated per cent of the gross annual receipts arising from the use of the franchise after the expiration of five years from the date of the franchise.

It is contended by respondent that the above statute, so far as it relates to the franchise here in question, is unconstitutional.

Section 19, article XI, of the constitution, provides: "In any city where there are no public works owned and controlled by the municipality for supplying the same with water or artificial light, any individual, or any company duly incorporated for such purpose under and by authority of the laws of this state, shall, under the direction of the superintendent of streets, or other officer in control thereof, and under such general regulations as the municipality may prescribe for damages, and indemnity for damages, have the privilege of using the public streets and thoroughfares thereof, and of laying down pipes and conduits therein, and connections therewith, so far as may be necessary for introducing into and supplying such city and its inhabitants either with gaslight or other illuminating light, or with fresh water for domestic and all other purposes, upon the condition that the municipal government shall have the right to regulate the charges thereof."

Section 22 of article I provides that "the provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise." The legislature, therefore, cannot modify or change the provisions of said section 19, article XI, above quoted, as to the privilege or franchise of supplying the town of Etna with artificial light. The constitution intended that there should be no restriction upon competition in supplying these prime necessities, as would necessarily result if the privilege could only be granted to the highest bidder, for such bidder would necessarily secure an exclusive right to the exercise of the franchise, the only condition imposed by the constitution being the right of the municipality "to regulate the charges thereof."

It is true said section does not expressly name "towns"; but the original section of the constitution of 1879 used the same language in this regard as the amendment of 1883, and prior to said amendment it was held by this court that the language of said section included cities, towns, and cities and counties. (See *People v. Stephens*, 62 Cal. 209, 236, decided in 1882, prior to the amendment of said section of the constitution, which amendment did not change its language in that regard.) Whether said act of 1897 is valid in so far as it relates to street railroads, or other uses of streets necessarily exclusive in their nature, is not here involved, and no opinion is expressed. We think it clear, however, that under said provision of the constitution the duty of the trustees to grant the franchise demanded by the plaintiff, subject only to the regulations and conditions therein imposed, is imperative, and that a prior grant of a similar franchise or privilege to other persons or corporations is no reason why the plaintiff's demand should not be granted.

It is true it does not expressly appear that the trustees had made any "general regulations" for "damages and indemnity for damages," for the privilege of using the public streets for the purposes specified; but it does appear that a privilege identical with that sought by the plaintiff was granted to the development company, and the writ of mandate granted to the plaintiff is that the same privilege be granted to him as was granted to the development company, and this necessarily includes the regulations imposed upon that company.

That the specific relief prayed for was not in that language is immaterial. The relief granted was the same in substance and effect, and was fully covered by the prayer for general relief. We cannot assume, nor can appellants assert, that the privileges granted to the development company exceeded their powers to grant; and hence it cannot be assumed that the order here granted exceeds either the power or duty of the trustees to grant. No other points are made for reversal.

We advise that the judgment appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.