[S. F. Nos. 3860, 3861. In Bank.—December 31, 1904.]

PAUL J. DENNINGER, Petitioner, v. RECORDER'S COURT OF CITY OF POMONA, Respondent.

MUNICIPAL CORPORATION—POWER TO REGULATE GAS-RATE—VALIDITY OF ORDINANCE—CONSTITUTIONAL LAW.—A municipal ordinance in a county of the fifth class fixing a maximum rate for gas, and providing a punishment for violation of the same, is valid under section 19 of article XI of the constitution, construed in connection with the Municipal Corporation Act.

ID.—CERTIORARI—GAS FOR COOKING, HEATING, AND ILLUMINATING PURPOSES—CONVICTION—JURISDICTION OF RECORDER'S COURT.—A writ of *certiorari* will not lie to review and annul a conviction under such ordinance under a complaint charging the defendant with collecting and receiving a greater rate than the maximum rate allowed by the ordinance for gas furnished in the pipes laid in the streets for cooking, heating, and illuminating purposes. It is

sufficient that the complaint charged a public offense, for collecting and receiving an excessive rate for illuminating purposes, within the jurisdiction of the recorder's court.

ID.—RIGHT OF CITY UNAFFECTED BY USE.—The right of the city to fix the rate for gas is unaffected by the use which is made of it. It covers all gas furnished through pipes laid in the street. [*Per* Beatty, C. J., and Van Dyke, J.; the majority of the court expressing no opinion.]

ID.—CONSTRUCTION OF CONSTITUTION.—Section 19 of article XI of the constitution does not specifically include gas for heating or cooking; but under section 11 of article XI of the constitution the city has the proper public authority to make the regulations here in question. [*Per* Shaw, J.]

CERTIORARI to review judgment of the Recorder's Court of the city of Pomona. John H. Lee, Recorder.

BEATTY, C. J.—These cases are in all respects like the case of the same title (S. F. No. 3801, *ante*, p. 629), just decided, except that in one of them the petitioner is charged with collecting the excessive rate for gas furnished for *cooking, heating,* and illuminating purposes.

Section 19 of article XI does not directly confer upon any individual or company the right to lay pipes and conduits in the streets of a city in order to supply gas for cooking and heating purposes, but only so far as may be necessary for supplying the city and its inhabitants with gaslight. The same gas, however, which furnishes light also serves for cooking and heating, and the pipes and connections necessary for the one purpose make the gas available for the other purposes without subjecting the streets to any additional burden. It was accordingly held in *Ex parte Johnston,* 137 Cal. 122, that an intention to permit the use of gas for other than illuminating purposes afforded no ground for prohibiting the laying of the pipes by a party claiming the benefit of the constitutional grant.

For the same reasons it must be held that the right of the city to fix the rate for gas is unaffected by the use which is made of it. It covers all gas furnished through the pipes laid in the street.

The judgments are affirmed.

Van Dyke, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgments. The determination of the question as to whether the municipality had the right to fix a rate for gas furnished for cooking and heating purposes is not necessary to a decision of either case, and I therefore express no opinion thereon. The complaint against petitioner in the recorder's court charged him with charging, collecting, and receiving the excessive rate for gas furnished to one Witman, not only for cooking and heating purposes, but also for illuminating purposes.

As it thus charged the collecting and receiving of the excessive rate for gas furnished for illuminating purposes, it charged a public offense, within the jurisdiction of the recorder's court. (*Denninger* v. *Recorder's Court, ante,* p. 629.) It cannot, therefore, be held that the recorder's court has exceeded its jurisdiction, and this proceeding must fail.

McFarland, J., Henshaw, J., and Lorigan, J., concurred.

SHAW, J., concurring.—I concur in the judgments. I do not think it necessary to resort to a somewhat difficult construction of section 19 of article XI of the constitution in order to give to a municipality the power to regulate the charges of a corporation or natural person in charge of works devoted to the public use of supplying inhabitants thereof with gas solely for heating, which includes cooking. That section applies only to water and light, and does not specifically include any materials used for heating alone. The power of a municipality in such cases comes from the general grant of authority to make such local, police, and other regulations as are not in conflict with general laws found in section 11 of article XI of the constitution, in connection with the general power to pass ordinances given by section 764 of the Municipal Corporation Act. Every corporation or person who, by reason of privileges received from the state, such as the right to use the highways, or the right to exercise the power of eminent domain, is in the business of supplying the general public with any commodity or service necessary or convenient for the general comfort and welfare is subject to the dominion and supervision of public authority, so far as may be necessary to prevent such business from being car-

ried on unjustly or oppressively by the imposition of excessive charges for such commodity or services. This dominion is exercised for the general good, and it is one form of what is known as the police power. (1 Tiedeman on State Control, secs. 96, 97; Cooley on Constitutional Limitations, 7th ed. 870; *Munn* v. *Illinois,* 94 U. S. 125; *Budd* v. *New York,* 143 U. S. 517; *People* v. *Budd,* 117 N. Y. 1; *Brass* v. *North Dakota,* 153 U. S. 391.) There was much dissension among the judges of the United States Supreme Court upon the question how far private business affected with a public use, but not the recipient of any privileges from the state, such as warehouses, could be interfered with in the exercise of this power, but all were agreed as to the nature and character of the power itself. Nor can there be any serious question that the business of supplying gas to the inhabitants of a city is subject to such regulation by the proper public authority in charge of this power. In this case, by virtue of the constitutional grant, the city of Pomona has the exercise of the power for all purposes local to the city, and was the proper public authority to make the regulations here in question.