[L. A. No. 1705.   Department Two.—February 13, 1907.]

## THE PEOPLE ex rel. CITY OF LOS ANGELES, Appellant, v. LOS ANGELES INDEPENDENT GAS COMPANY, Respondent.

GAS COMPANY—USE OF GAS FOR HEATING AND COOKING—FRANCHISE NOT FORFEITED.—A gas company having the right and franchise to lay pipes in the streets for the purpose of supplying illuminating gas to the inhabitants of a city, under section 19 of article XI of the constitution, does not forfeit its franchise by the supply of gas for cooking and heating as well as for lighting purposes which does not subject the streets to any additional burden.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, W. B. Mathews, and J. S. Chapman, for Appellant.

Lynn Helm, and Lee, Scott, Bailey & Chase, for Respondent.

McFARLAND, J.—This is a proceeding in the nature of *quo warranto* brought by the people of the state on the rela-

tion of the city of Los Angeles for the purpose of ousting and excluding the defendant, a corporation, from exercising a certain franchise. The main averment of the complaint is that defendant "has usurped and is unlawfully exercising the franchise of laying pipes in the public streets and alleys of said city of Los Angeles for carrying gas for heat and power, and of supplying and distributing, by means of said pipes, gas for heat and power to a large number of the inhabitants of said city." Judgment was for defendant, and plaintiff appeals from the judgment, and also from an order denying its motion for a new trial.

The material facts of the case, found by the court and supported by the evidence, are these: A year or two before the commencement of this action defendant had laid pipes under certain streets of the city of Los Angeles, through which it supplies illuminating gas for the use of the inhabitants of that city. It claimed the right and franchise to do this under section 19 of article XI of the state constitution. This section provides, in substance, that in any city where there are no public works for supplying water or artificial light, any individual or corporation shall, under the direction of the superintendent of public streets, and under such regulations as the municipality may prescribe, "have the privilege of using the public streets and thoroughfares thereof, and of laying down pipes and conduits therein, and connections therewith, so far as may be necessary for introducing into and supplying such city and its inhabitants either with gaslight or other illuminating light, or with fresh water for domestic and all other purposes, upon the condition that the municipal government shall have the right to regulate the charges thereof." The respondent complied with all the provisions of said section. It procured the gas with which it supplied the inhabitants of the city from another corporation, called the Los Angeles Suburban Gas Company, which furnishes defendant with illuminating gas, and this gas, without any chemical or other change, is supplied to defendant's customers. When used it necessarily generates both light and heat. The gas is delivered to the consumers at certain meters on their premises, and after it passes beyond the meters it is the property of the consumers and defendant has no further control over it. Some of these consumers use the gas not only for illuminating purposes, but

also for heating and cooking, and a few—not more than "one in fifty"—use it for heating purposes exclusively. It may be assumed that defendant knew that some of the gas furnished by it was used for heating as well as for illumination. And the contention of appellant is that the franchise of having pipes in the streets has been forfeited because the gas furnished by it has not been used for illumination alone, but has been used also for the other purposes above mentioned. This contention is, in our opinion, not maintainable. Indeed, this court has determined the matter adversely to appellant's contention by its decision in *In re Johnston,* 137 Cal. 115, [69 Pac. 973], and in *Denninger* v. *Recorder's Court,* 145 Cal. 629, 638, [79 Pac. 360]. In each of those cases the franchise of a party under said section 19 of the constitution to maintain pipes in the streets for distributing illuminating gas was attacked on the ground that the gas was being used for heating as well as for illuminating purposes. In the Johnston case the court said: "The suggestion on the part of the respondent that it is the purpose of the corporation herein to supply gas through its pipes for other purposes than light, even if founded upon fact, does not deprive it from exercising the right conferred upon it by the constitution, or authorize the municipality to prevent it from enjoying that right. Even though the pipes, when laid, may be available for other purposes than supplying gaslight, the corporation is not thereby deprived of the right which the constitution has given it to lay its pipes in the streets, nor can it be required as a condition of exercising that right to declare that the gas to be supplied by it shall be used exclusively for illumination, or is to be supplied solely for such use. It may be added that it is not made to appear that the streets will be subject to any other or greater obstruction than is requisite for the supplying of gas for illuminating purposes." In *Denninger* v. *Recorder's Court,* 145 Cal. 638, [79 Pac. 364], the court say: "Section 19 of article XI does not directly confer upon any individual or company the right to lay pipes and conduits in the streets of a city in order to supply gas for cooking and heating purposes, but only so far as may be necessary for supplying the city and its inhabitants with gaslight. The same gas, however, which furnishes light also serves for cooking and heating, and the pipes and connections necessary for the one purpose make the gas available

for the other purposes without subjecting the streets to any additional burden. It was accordingly held in *Ex parte Johnston,* 137 Cal. 122, [69 Pac. 973], that an intention to permit the use of gas for other than illuminating purposes afforded no ground for prohibiting the laying of the pipes by a party claiming the benefit of the constitutional grant.'' The burden and servitude, if any, which is imposed on the streets and public by the laying of the pipes is accomplished as soon as the pipes have been laid and the surface of the street restored to its proper condition; and that burden is in no way increased by the fact that the use of the gas carried through the pipe is not confined to illumination. Its use by some persons for heating purposes is a great convenience to those persons, while it is not a grievance to any one; and such use affords no just or legal reason for depriving respondent of its franchise.

Appellant contends for a reversal because it contends the findings are inconsistent. We do not see any inconsistency in the findings, and, at all events, none that are material. The fact is that there is only one material question in the case, and that is, Has the respondent forfeited its franchise because some of the gas distributed by it through its pipes has been used for heating purposes? This question is amply presented by the transcript, and it is not evaded by the minor points made by appellant. There is nothing in the other points which calls for special notice.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.