[Civ. No. 1292.   Third Appellate District.—December 12, 1914.]

## TOWN OF ST. HELENA (a Municipal Corporation), Appellant, v. FRED S. EWER et al., Respondents.

MUNICIPAL CORPORATIONS—FRANCHISE FOR SUPPLYING WATER—UNAUTHORIZED TERMS—PERCENTAGE ON EARNINGS.—A municipal corporation has no authority to require the grantee of a franchise for supplying the municipality with water to pay any part of the gross proceeds of the franchise as a condition to its enjoyment; and an ordinance granting such franchise upon condition that the successful bidder shall pay a certain percentage "of the gross annual receipts, the franchise to be forfeited upon failure to make the payments stated in the bid on which the award is made," places a burden upon the bidder which is unauthorized by the constitution, and the declaration in the ordinance that "nothing herein contained shall be construed in any manner as granting an exclusive franchise" does not relieve it from the constitutional inhibition.

ID.—FURNISHING WATER TO MUNICIPALITY—RIGHT TO USE OF STREETS.—Section 19 of article XI of the constitution gives any person the right to use public streets of a municipality for the purposes therein indicated, and it deprives not only the municipality from granting but the legislature from authorizing the granting of franchises on conditions other than those specified in the constitution.

ID.—SECTION 19, ARTICLE XI OF CONSTITUTION—CONSTRUCTION OF.—By section 19 of article XI of the constitution it was intended that

there should be no restriction upon competition in supplying municipalities with the prime necessities in said section mentioned, as would necessarily result if the privilege should only be granted to the highest bidder, for such bidder would necessarily secure an exclusive right to the exercise of the franchise, the only condition imposed by the constitution being the right of the municipality "to regulate the charges thereof."

ID.—POWERS OF MUNICIPALITIES.—When the sovereign authority of the state, either in its constitution or through its legislature, has created a right and expressed and defined the conditions under which it may be enjoyed, it is not within the province of a municipality where such right is sought to be exercised and enjoyed, to impose additional burdens as conditions to its exercise.

ID.—PRIVATE CONTRACT—ACTION FOR PERCENTAGE OF PROCEEDS.—In such a case, the municipality in granting the franchise was acting in its legislative capacity and its action is not referable to the power of making contracts; and, therefore, in an action to recover from the grantee of the franchise the percentage of proceeds agreed upon, the claim cannot be enforced on the theory that it is the subject of a private contract between the franchise holder and the municipality. It is no answer that the grantee voluntarily entered in the engagement, for in its legal sense his acceptance was not voluntary for the reason that his bid would not, nor could that of any other person, have been received without agreeing that he would pay the percentage of the proceeds required by the city.

ID.—PLEA OF ESTOPPEL—WHEN DOES NOT LIE.—In such a case the municipality having no power to impose the condition that the bidder for the franchise should pay a percentage of his gross annual earnings, the plea of estoppel is not available to the plaintiff.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

James A. Nowland, for Appellant.

T. C. Coogan, Percy S. King, and Coogan & O'Connor, for Respondents.

CHIPMAN, P. J.—Plaintiff brings the action to recover from defendants seven and seven-eighths per cent of the gross annual receipts collected by defendants for water supplied to the plaintiff and its inhabitants for the five years commencing 1907 and ending 1911, stated in seven separate counts. The amended complaint was filed August 5, 1912. It does

not appear when the original complaint was filed. A general and special demurrer to the amended complaint was sustained, without leave to amend, and judgment passed for defendants that plaintiff take nothing by its action and that the action be dismissed.

It appears, from the amended complaint, that, on September 19, 1899, plaintiff passed a resolution directing the town clerk to advertise for bids for the sale of a franchise for supplying said town and its inhabitants with water, for domestic and general purposes, for a term of fifty years. The form of ordinance to be used in granting the franchise was adopted and it was ordered "that no bids, proposals or tenders will be received for a single amount stated, but that all bids, tenders, or proposals must be for the payment in lawful money of the United States of a stated *per centum* of the gross annual receipts of the grantee, arising from its use, operation or possession, and further stating that no percentage will be paid for the first five years succeeding the publication of such franchise, but that thereafter such percentage will be payable annually, and shall in no case be less than three *per centum* per annum upon the said gross annual receipts."

The clerk, on September 22, 1889, gave notice, pursuant to said resolution and orders, inviting sealed proposals and, among other things, stated: "that the character of such franchise or privilege proposed to be granted, the conditions, limitations and provisos under which the same will be granted, and the term of its continuance is more fully set out and will appear by reference to the said resolution, hereinabove referred to, to which said resolution reference is hereby expressly made for further and fuller particulars.

"No bid or tender will be received of a single sum or amount stated, but all bids must be for the payment, in lawful money of the United States, of a stated per cent of the gross annual receipts of the person, partnership or corporation or other authority to whom the franchise or privilege is awarded, arising from its use, operation or possession.

"That no percentage shall be paid for the first five years succeeding the date of the franchise, but thereafter such percentage shall be paid annually, and shall be in no case less than three per cent per annum upon such gross annual receipts, the franchise to be forfeited by failure to make the payments stated, in the bid upon which the award is made.

"Bidders must file with each bid, tender or proposal, a bond to the town of St. Helena, with at least two good and sufficient sureties, to be approved by the board of trustees of the said town, in a penal amount of five thousand dollars, conditioned that such bidder shall well and truly observe, fulfill and perform each and all of the terms, conditions and obligations of such franchise, in case the same be awarded to him.''

Pursuant to this notice, which was duly advertised in a newspaper, defendant Ewer submitted the following to the board of trustees: ''The undersigned hereby bids and tenders seven and seven-eighths ($7\frac{7}{8}$) per cent of the gross annual receipts arising from the use, operation or possession of the franchise offered for sale by your honorable board in accordance with the inclosed and attached advertisement 'Inviting Bids or Tenders for Sale of a Franchise' dated September 22nd, 1899, which is hereby referred to for fuller particulars and which advertisement is made a part hereof.

"(Signed)   F. S. Ewer.''

On December 12, 1899, the board of trustees duly passed ordinance No. 129, granting said franchise and, on December 21, 1899, defendant Ewer notified the trustees, in writing, as follows: ''I hereby accept the franchise granted to me by your honorable board under ordinance No. 129, and published in the St. Helena *Sentinel,* under date of December 21st, 1899.

"Yours truly,

"(Signed) :   Fred S. Ewer.''

Ordinance 129 grants ''to Fred S. Ewer, his heirs and assigns, the right, privilege and franchise to construct, establish, maintain and operate a system of waterworks for the purpose of supplying to the town of St. Helena and its inhabitants,'' etc.   Then follow provisions granting right of way over streets, alleys, etc.; the right to lay pipes, maintain reservoirs and the like; the term of the franchise is fifty years; rates to be charged and the manner of laying down pipes, etc., are subject at all times to be regulated by the town.   Other provisions follow which need not be given.   It was provided, also, that ''nothing herein contained shall be construed in any manner as granting an exclusive franchise.''   It is alleged in the amended complaint that Ewer assigned all of his interest in said franchise to defendant, St. Helena Water Co., in 1901.

Appellant says in its brief "that while the general structure (of the ordinance) follows the statute (Stats. 1897, p. 135), there is a clause inserted therein which places it entirely without the statute." The clause referred to reads: "Nothing herein contained shall be construed in any manner as granting an exclusive franchise" and hence, it is claimed, takes the case out of the operation of the decision in *Pereria* v. *Wallace,* 129 Cal. 397, [62 Pac. 61], in which the act of 1897 was held to be unconstitutional. It is further contended that while that decision so decided, the bidder for a franchise has the right, independently of the statute, to enter into a private contract with the trustees of the town on terms proposed by or agreeable to him.

Appellant still further contends that conceding the contract to pay the claim here made to be *invalid,* it is not *illegal* or *unlawful* and hence defendant is estopped to dispute its validity.

It was held, in *Pereria* v. *Wallace,* 129 Cal. 397, [62 Pac. 61], that the act of 1897, insofar as it attempted to provide a method of sale of franchises for the purpose of supplying municipalities with light or water, was unconstitional and that the legislature cannot modify or change the provisions of section 19 of article XI of the constitution, as to the privileges therein granted.

The case of *People* v. *Stephens,* 62 Cal. 209, decided that the section and article of the constitution just referred to granted the privileges therein specified without legislative action and, in *Pereira* v. *Wallace,* 129 Cal. 397, [62 Pac. 61], the court said: "The constitution intended that there should be no restriction upon competition in supplying those prime necessities, as would necessarily result if the privilege would only be granted to the highest bidder, for such bidder would necessarily secure an exclusive right to the exercise of the franchise, the only condition imposed by the constitution being the right of the municipality to 'regulate the charges thereof.' "

The question is discussed in more recent cases, among them, *In re Johnston,* 137 Cal. 115, [69 Pac. 973]; *Stockton Gas etc. Co.* v. *San Joaquin County,* 148 Cal. 313, [7 Ann. Cas. 511, 5 L. R. A. (N. S.) 174, 83 Pac. 54]; *Clark* v. *Los Angeles,* 160 Cal. 30, 39, [116 Pac. 722]; *Matter of Russell,* 163 Cal. 668, [Ann. Cas. 1914A, 152, 126 Pac. 875]. Speaking

of the constitutional provision above referred to, the court said, in *In re Johnston,* 137 Cal. 115, [69 Pac. 973] : "When the sovereign authority of the state, either in its constitution or through its legislature, has created a right and expressed and defined the conditions under which it may be enjoyed, it is not within the province of a municipality where such right is sought to be exercised and enjoyed, to impose additional burdens as a condition to its exercise."

It is urged that in declaring in the ordinance that "nothing herein contained shall be construed in any manner as granting an exclusive franchise," relieves it from any constitutional inhibition and differentiates it from the acts of municipalities brought under review in the cases cited. We cannot so regard the effect of the ordinance. The town authorities had no power to impose the condition to granting the franchise that the successful bidder should pay a per cent of the "gross annual receipts, the franchise to be forfeited by failure to make the payments stated in the bid on which the award is made." This, we think, was a burden placed upon the bidder unauthorized by the constitution. The declaration that the franchise should not be regarded as exclusive did no more than to announce what would have been true without it, for the constitution gives to every person the right to use the public streets of a municipality for the purposes indicated and, as the cases cited hold, it deprives not only the municipality from granting but the legislature from authorizing the granting of franchises upon conditions other than those specified in the constitution. (*Clark* v. *Los Angeles,* 160 Cal. 30, [116 Pac. 722].)

The contention that the claim may be enforced as the subject of private contract between Ewer and the town cannot be maintained. The facts alleged show beyond dispute that in dealing with the public, as respondent points out, the municipality was acting in its legislative capacity and that its action is not referable, for its support, to the power of making contracts. In *City of South Pasadena* v. *Los Angeles etc. Co.,* 109 Cal. 315, [41 Pac. 1093], the court said: "The streets of a city are held as corporate or municipal property and are not subject to the power of contractual disposition, like the property of an individual." Plaintiff cannot avoid the restraining effect of the constitution by attempting to convert its legislative acts into the contracts. The essence of the ordi-

nance is found in the grant of a franchise for the use of the streets of St. Helena to supply the town and its inhabitants with water, which is purely a legislative act. We cannot escape the fact that the grant was made on condition that the grantee pay for the privilege granted—a condition, as we have seen, which is beyond the power of the municipality to impose. It is no answer that defendant voluntarily entered into the engagement. In its legal sense his acceptance was not voluntary for the reason that his bid would not, nor could that of any other person, have been received without agreeing that he would pay at least three per cent of his gross annual receipts. In fact, probably under the spur of competition, defendant Ewer bid seven and seven-eighths per cent. In the Arcata case, which was an action to recover on a bond given in connection with a grant to build an exclusive railroad, the court said: "We do not overlook the allegation that the bond was voluntarily given by the appellants. But, reading the allegation in connection with the averments showing that the giving of such bond was a condition upon which the trustees, by their ordinance, made the grant of the franchise depend, it means no more than that the grantees accepted the franchise upon the only terms available. They consented to furnish the undertaking, but their consent was required in order to enable them to take any benefit under the grant."

Nor do we think the plea of estoppel available to plaintiff. The town had no power to impose the condition that the bidder should pay a per cent of his gross annual earnings.

In the case of *City of Arcata* v. *Green,* 156 Cal. 759, 764, [106 Pac. 86, 88], the court said: "A party contracting with a city regarding a subject-matter within the scope of the city's powers, may, where he has received the benefit of the contract, be precluded from asserting that the contract was not, on the part of the city, executed in the manner required by law. The doctrine, however, cannot be made to cover contracts entirely beyond the range of municipal authority." The town of St. Helena had no authority to require the grantee of a franchise to pay any part of the gross proceeds of the franchise as a condition to its enjoyment. "There is here no reason for the application of the doctrine of estoppel." (*Foxen* v. *City of Santa Barbara,* 166 Cal. 77, 83, [134 Pac. 1042, 1045].)

We do not find it necessary to consider the special demurrer. We are satisfied that the amended complaint does not state facts sufficient to constitute a cause of action.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.