[Sac. No. 2118. In Bank.—March 31, 1915.]

## CITY OF HANFORD, Respondent, v. HANFORD GAS AND POWER COMPANY (a Corporation), Appellant.

MUNICIPAL CORPORATIONS—GAS CORPORATIONS—FRANCHISE TO USE CITY STREETS TO SUPPLY GAS FOR HEAT AND POWER—LIABILITY FOR PAYMENT OF PERCENTAGE OF GROSS RECEIPTS.—A public service gas corporation, which, in the exercise of the franchise granted by section 19 of article XI of the constitution, as it read prior to the amendment of October 10, 1911, giving the right to use the streets of a municipality for the purpose of supplying gas for illumination, had the right to occupy and was occupying the streets of the city with its mains and laterals for the supplying of gas to the inhabitants of the city, by subsequently accepting an additional franchise from the city, granted in pursuance of the act of 1901 (Stats. 1901, p. 265), to use the city streets for the purposes of laying pipes to supply gas for "heat, light and power," became obligated to pay to the city, as required by such act and the grant of the franchise, two per cent of the gross annual receipts arising from the use and operation or possession of the latter franchise.

ID.—RIGHT TO SUPPLY GAS FOR ILLUMINATION ONLY PROTECTED BY CONSTITUTION.—While the same gas may be used through the same mains and laterals, the use of gas for heat and power is a distinct and different use from its use for illumination, and it is only the right to the latter use which is protected and, so to speak, given free under that provision of the constitution.

APPEAL from a judgment of the Superior Court of Kings County.   J. A. Allen, Judge presiding.

The facts are stated in the opinion of the court.

John G. Covert, for Appellant.

F. E. Kilpatrick, for Respondent.

HENSHAW, J.—The city of Hanford, a city of the sixth class, sued defendant, the Hanford Gas & Power Company, to recover judgment for a specific sum with interest, this sum being two per cent of the gross annual receipts of the defendant, earned by operating its plant in the city of Hanford, under the provisions of ordinance No. 115 of that city. Defendant demurred to the complaint. The demurrer was overruled. Defendant declining to answer, judgment was given against it and it appeals. It appears that the defendant, a public service corporation, was and had been for many years occupying the streets of the city of Hanford with mains and laterals for the supplying of gas to the inhabitants of the city. It was exercising this franchise under the constitutional grant and permission of section 19, of article XI of the constitution as it read prior to the amendment of October 10, 1911. The legislature in 1901 enumerated certain franchises which a municipality might dispose of by sale, and provided for the manner of disposition. (Stats. 1901, p. 265.) Amongst these franchises was the franchise "to lay gas pipes for the purpose of carrying gas for heat and power." In 1902 an application was filed with the board of trustees of the city of Hanford for a franchise for the privilege of using the public streets and thoroughfares of the city for the purposes of laying pipes and conduits therein to supply the city and its inhabitants with gas "for heat, light, and power." Pursuing the course prescribed by the act of 1901, above cited, the city of Hanford advertised for bids and sold this franchise to the applicant Young, who, in turn, conveyed and assigned all his franchise rights to defendant corporation. The act of 1901 required that the successful bidder and his assigns must, during the life of the franchise, pay to the municipality two per cent of the gross annual receipts arising from the use and operation or pos-

session of the franchise.  Such provision was contained in
the grant to Young.  It is this two per cent which defend-
ant has refused to pay, and for which judgment was sought
and obtained.  Upon appeal appellant places reliance upon
such cases as *In re Johnson,* 137 Cal. 115, [69 Pac. 973] ;
*Denniger* v. *Recorder's Court,* 145 Cal. 629, [79 Pac. 360] ;
*People* v. *Los Angeles Gas Co.,* 150 Cal. 557, [89 Pac. 103],
and *Town of St. Helena* v. *Ewer,* 26 Cal. App. 191, [146
Pac. 191].  To sum up its argument under these cases, ap-
pellant declares that by virtue of the constitutional grant
in section 19 of article XI, it had the free right to use the
streets for gas mains and laterals without being subject to
any charge for such use by the municipality.  This may at
once be conceded to be true.  It argues that while the con-
stitution limits the right of public service corporations to the
use of the streets for the purpose of supplying ''gaslight or
other illuminating light,'' the fact that by the same mains
and laterals the gas so carried and purveyed may be used
for heat or power, imposes no additional burden upon the
municipality or its streets, and does not therefore become
the legitimate subject-matter of a new franchise, with onerous
payments and exactions thereunder; that therefore it ac-
quired nothing by virtue of the franchise which it secured
for the furnishing of gas for heat and power, and as it ac-
quired nothing, can be made to pay nothing for nothing.
The cases upon which appellant relies, however, are not
decisions in accordance with its contention, which contention
was in no one of them involved.  *In re Johnson,* 137 Cal.
115, [69 Pac. 973], merely decided that certain onerous pro-
visions of an ordinance of the city of Pasadena unconstitu-
tionally hampered the right of public service corporations
to lay their pipes for illuminating gas or water in the streets
of that city, and so far as the matter before us is concerned
it decided nothing more.  To the suggestion on the part of
the city of Pasadena that it was the purpose of the corpora-
tion to supply gas for other than illuminating purposes, this
court answered that even if the suggestion were founded
upon fact, it did not deprive the corporation of the right
conferred upon it by the constitution (to lay pipes for the
furnishing of gas for light) ''or authorize the municipality
to prevent it from enjoying that right.''  In *Denniger* v.
*Recorder's Court,* 145 Cal. 629, [79 Pac. 361], an ordinance

regulating and fixing gas rates was under consideration. The petitioner was convicted of having collected a rate in excess of the municipal rate. The conviction was upheld. In the course of the discussion this court said: "Section 19 of article XI does not directly confer upon any individual or company the right to lay pipes and conduits in the streets of a city in order to supply gas for cooking and heating purposes, but only so far as may be necessary for supplying the city and its inhabitants with gaslight. The same gas, however, which furnishes light also serves for cooking and heating, and the pipes and connections necessary for the one purpose make the gas available for the other purposes without subjecting the streets to any additional burden." In *People ex rel. City of Los Angeles* v. *Los Angeles Independent Gas Co.,* 150 Cal. 557, [89 Pac. 108], the state, by *quo warranto,* sought to forfeit the unquestioned constitutional franchise of the defendant Gas Company to use the streets for the supplying of gas for illuminating purposes because the company was also through the same mains, laterals, and connections supplying the same gas for purposes of heat, power, and cooking. It is to be borne in mind that the effort was not to prevent the defendant company from using a franchise which it did not possess,—namely, the franchise to supply the gas for purposes other than illumination, but it was to forfeit its franchise for the supplying of gas for illumination because it was permitting the gas to be used for other purposes. The trial court refused to forfeit the franchise, and this court affirmed the judgment. In so doing it nowhere declared that a gas company, purveying gas under the constitution for illuminating purposes, had under that constitutional franchise the *right* to supply it for other purposes. It held merely that it would not forfeit the franchise because it was so doing. It is not even intimated as to what the decision of this court would have been had the action been addressed to an effort to restrain the defendant corporation from exercising a franchise not given to it by the constitution,—namely, the franchise of supplying gas for heat, power, and cooking. It is said in this case, but only *arguendo,* that, "The burden upon the street is in no way increased by the fact that the use of the gas carried through the pipe is not confined to illumination." In *St. Helena* v. *Ewer,* 26 Cal. App. 191, [146 Pac. 191], the court of appeal

had under review an ordinance of the town of St. Helena
granting a franchise for supplying the town and its inhabi-
tants with water. The defendant acquired this franchise
under a bid agreeing to pay seven and seven-eighths per cent
of the gross annual receipts from the sale of water under
the franchise. This franchise was one granted under the
Franchise Act of 1897 (Stats. 1897, p. 135), held to be un-
constitutional in *Pereria* v. *Wallace,* 129 Cal. 397, [62 Pac.
61], as an attempt to impose illegal conditions upon the
franchises freely granted by the constitution under section
11, subdivision 19.

Manifestly no one of these cases is in point upon the ques-
tion here under consideration. The franchise granted by the
city of Hanford did not attempt to touch upon nor deal with
defendant's rights to supply gas for illuminating purposes.
Unquestionably while the same gas may be used through the
same mains and laterals, the use of gas for heat and power
is a distinct and different use from its use for illumination,
and it is only the right to the latter use which is protected
and, so to speak, given free under the constitution. To say,
as our decisions have said, that the franchise to supply
illuminating gas will not be forfeited because the purveyor
permits its gas to be used for purposes not covered by the
franchise, is very different from saying that with the fran-
chise to furnish gas for lighting purposes goes the franchise
right to furnish it for the other purposes. The latter this
court has never said, and from nothing that it has said can any
such inference be derived. If the use is different, the right
to the use is different. Conceivably a corporation might
be formed for the purpose of supplying a gas unfit for
illumination, but eminently well suited for purposes of heat
and power. Could such a company without a franchise oc-
cupy the streets for this purpose under the constitutional
grant of a right to occupy the streets for the supplying of
illuminating gas? If it could not, then *per contra* a com-
pany supplying illuminating gas has acquired no right
to supply a gas for the other separate enumerated uses. The
vital question then is, Did the defendant in accepting this
franchise from the city of Hanford acquire anything of
value? If it did, then, no element of fraud entering into
the case, it is bound by its contract. We think clearly that
it did. Up to the time that it acquired the right to supply

gas for purposes of heat and power it had the franchise right to supply gas solely for purposes of illumination, with the added guaranty under the decisions of this court that its franchise to supply illuminating gas would not be forfeited merely because it permitted its gas to be used for these other purposes. It was not told that it had the right, and it did not have the legal right, to permit its gas so to be used. If effort had been directed to that end, this use could undoubtedly have been restrained. The city of Hanford admittedly, under its charter (Municipal Corporations Act, sec. 862, subd. 13), [Stats. 1883, p. 270], had the power to grant the franchise for the use of its streets for the purveying of gas for heat and power, if the constitutional grant before referred to did not stand in the way. Clearly it did not stand in the way, and, moreover, the legislature itself had recognized that the different uses were subject to different franchise rights, and had made provision for the award by municipalities of separate franchises permitting these new uses.

The judgment appealed from is therefore affirmed.

Lorigan, J., Melvin, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.