·[No. 9,209. Department One.—February 12, 1884.]

## F. P. HAMILTON ET AL., RESPONDENTS, *v.* J. A. TUTT ET AL., APPELLANTS.

MANDAMUS—EXECUTION—JUSTICE OF THE PEACE.—The issuing of an execution by a justice of the peace upon a judgment rendered by him is the exercise of a ministerial function only. It is a duty enjoined by law as resulting from his office, and one which he may be compelled to perform by a writ of mandate.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order refusing a new trial.

This was a proceeding before the Superior Court for a mandamas to compel the appellant J. W. Tutt, as justice of the peace, to issue an execution upon a judgment recovered by the petitioner in his court. The appeal is taken from a judgment of the Superior Court awarding the writ.

The other facts appear in the opinion of the court.

*W. B. Treadwell*, for Appellants.

*C. H. Garoutte* and *R. Clark*, for Respondents.

ROSS, J.—We see no ground for saying that the judgment of the Justices' Court in the action of *Hamilton* v. *Levy and Anderson* was void. That was an action for the recovery of one hundred dollars damage alleged to have been occasioned by the trespassing of certain sheep of the defendants upon land of the plaintiff in the action. In response to a summons, the defendants to the action appeared and answered the complaint, a trial was had before a jury, which rendered a verdict for the plaintiff, on which the court entered judgment in favor of the plaintiff,

against the defendants.  On the appeal subsequently taken from the judgment by the defendants, a bond sufficient under the statute to stay execution was not given.  The plaintiff to the suit was therefore legally entitled to an execution to enforce the payment of the amount adjudged him.  The issuance of such an execution on the part of the justice of the peace called only for the exercise of a ministerial function, and being one specially enjoined on him by the law, as a duty resulting from his office, and he having refused to issue the writ, and the petitioner having no plain, speedy, and adequate remedy for such refusal in the ordinary course of law, the Superior Court rightly awarded him a writ of mandate.

Judgment and order affirmed.

McKEE, J., and McKINSTRY, J., concurred.