[No. 15812.    Department Two.—June 1, 1895.]

TOWN OF HAYWARD, RESPONDENT, v. JOSEPH PIMENTAL, JUDGE OF THE RECORDER'S COURT OF THE TOWN OF HAYWARD, APPELLANT.

RECORDER'S COURT—ACTION TO RECOVER LICENSE—ALLEGATION OF ORDI-NANCE—JUDGMENT—QUASHING EXECUTION.—In an action in a recorder's court of a municipal corporation of the sixth class to recover a license tax imposed by a municipal ordinance, the failure of the complaint to set forth the provisions of the ordinance otherwise than by reference to its title and date of passage will not invalidate a judgment for the amount of the license. Such a judgment cannot be collaterally attacked

on a motion to quash an execution issued thereon, and is valid and opera-
tive until appealed from or reversed.

ID.—EXECUTION ERRONEOUSLY RECALLED—NEW EXECUTION—MANDAMUS.—
If the recorder erroneously directs an execution which had been issued
under such judgment to be returned unsatisfied, and his order is com-
plied with, he may be compelled by mandamus to issue another execu-
tion, his duty to do so being purely ministerial.

ID.—HEARING APPLICATION FOR MANDAMUS—JUDGMENT ON PLEADING.—
Where the answer to an affidavit for a writ of mandate presents no
issues of fact, and raises only issues of law, the court may, under sec-
tion 1094 of the Code of Civil Procedure, hear and determine the matter
on the pleadings. Such a hearing is a sufficient compliance with the
requirements of section 1088 of such code, that "the writ cannot be
granted by default," and that "the case must be heard by the court
whether the adverse party appear or not."

ID.—DEMURRER TO ANSWER—RECITALS IN JUDGMENT.—A recital in the
order sustaining a demurrer to such an answer that the matter had been
previously "submitted to the court for consideration and decision," and
a recital in the judgment granting the writ that the "cause came on
for hearing on the twenty-first day of May, 1894, to which day the
same had been duly and regularly continued, on the demurrer of said
relator to the answer of said respondent," sufficiently shows that there
was a hearing and a submission, not merely of the demurrer, but of the
cause on the pleadings. If the recitals were incorrect their incorrect-
ness should be shown on appeal by a bill of exceptions or otherwise.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*G. S. Langan*, and *C. C. Hamilton*, for Appellant.

*D. M. Conner*, for Respondent.

BRITT, C.—The respondent, the town of Hayward, in
Alameda county, is a municipal corporation of the sixth
class, and the appellant is the judge of the recorder's
court of said town. That court is provided for in sec-
tion 882 of the Municipal Corporation Act of 1883. An
ordinance of the town imposed a license tax upon per-
sons engaged in certain classes of business. One Free-
man carried on business within the purview of the
ordinance and refused to pay the tax. Thereupon an
action was commenced by the town of Hayward in said
recorder's court against said Freeman for the recovery
of the amount of such tax then due, together with cer-

tain incidental fees and damages. The complaint in such action was filed August 1, 1893; summons was issued and regularly served. Freeman made default, and on August 12, 1893, after a hearing had and evidence taken upon the allegations of the complaint, judgment was entered by the appellant here, in said recorder's court, in favor of the town and against said Freeman for the amount claimed and costs, making a total of thirty dollars and five cents. A writ of execution was issued for the enforcement of the judgment, but before any levy thereunder the defendant, said Freeman, moved the recorder's court to recall and quash said execution, " on the ground that the complaint in said action did not state facts sufficient to constitute a cause of action, and that the judgment therein entered was null and void." On September 11, 1893, such motion was sustained by the appellant here, and the town marshal, who held the writ, was ordered to return the same "without service and to stay all further proceedings in the matter"; which order he obeyed. On September 22, 1893, the respondent by its attorney demanded of appellant that he issue another execution in that action, but he refused to do so. This proceeding was then instituted in the superior court to obtain a writ of mandate to compel compliance with such demand.

Appellant, in response to the complaint or affidavit on which respondent founded its application for a mandamus, filed an answer wherein he set up the circumstances of said motion to quash the writ of execution, and that he had " fully heard all and singular the evidence and argument offered by the respective parties upon such motion in the said action, and as such recorder, and as such recorder's court," after full consideration, determined said motion, and ordered that the writ of execution be quashed. He made no other defense. The superior court sustained a demurrer to the answer, and at the same time rendered judgment directing that the writ of mandate issue as prayed for.

The sole ground upon which the appellant justifies

his course is that the complaint in the case of *Town of Hayward* v. *Freeman* did not state facts sufficient to constitute a cause of action; the defect in the complaint, which as argued by appellant invalidated the subsequent judgment, was its omission to exhibit the provisions of the ordinance otherwise than by reference to its title and date of passage. The pleading in this regard was much like the complaint held bad in *City of Sacramento* v. *National Gold Bank*, 51 Cal. 504. Appellant does not question the validity of the ordinance, nor claim that the recorder's court had not jurisdiction either of the subject of the action or of the person of the defendant.

Granting that the complaint was demurrable, and that the judgment founded upon it was for that reason erroneous, it by no means follows that it could be reviewed or its error corrected in the manner attempted by the appellant. The complaint does not by direct averment state a cause of action, but by recitals and necessary inference from them it does. It shows that the town of Hayward had passed an ordinance imposing a license tax; that defendant was liable for the tax, and had failed to pay. These facts, formally stated, would constitute a cause of action. After judgment they are sufficient to sustain the same as against a collateral attack, even though the judgment be that of a court of inferior and limited jurisdiction. "An irregular or erroneous judgment will, as long as it remains in force, support an execution." (1 Freeman on Executions, sec. 73.) "A motion to quash an execution is not an appropriate or admissible mode of bringing under review the errors or irregularities that may exist in the judgment upon which the execution is issued, unless the judgment be utterly void." (*Schultze* v. *State*, 43 Md. 305.) In this instance the judgment entered by the recorder was not void; being rendered by a court which had jurisdiction of the parties and of the defectively stated cause of action, it was valid and operative until appealed from or reversed. (*Aucker* v. *McCoy*, 56 Cal. 526.)

Mandamus was the proper remedy. The fact that appellant, in excess of his lawful authority, directed a return of one execution unsatisfied, and that his order was complied with, does not relieve him from the obligation to issue another. (Municipal Corporation Act of 1883, sec. 882; Code Civ. Proc., sec. 903.) The duty of the recorder to issue the execution is purely ministerial; he has no discretion in the matter; and the respondent is entitled to the writ to enforce performance of such duty. (*Avery* v. *Superior Court,* 57 Cal. 247; *Hamilton* v. *Tutt,* 65 Cal. 57; *Hogue* v. *Fanning,* 73 Cal. 54.)

"The writ cannot be granted by default. The case must be heard by the court, whether the adverse party appear or not." (Code Civ. Proc., sec. 1088.) Appellant contends that in virtue of this provision of the statute the court should have had some other or further hearing before allowing the mandamus against him. But the answer of the defendant stated nothing inconsistent with the allegations of the complaint or affidavit on which respondent prayed the issuance of the writ; it thus raised "only questions of law"; and therefore the court was required to "proceed to hear or fix a day for hearing the argument of the case." (Code Civ. Proc., sec. 1094.) The section last quoted evidently contemplates that there may as well be a hearing and a submission of the cause on the pleadings of the parties in a proceeding for mandamus as in any other. In this case the order sustaining the demurrer to the answer recited that the matter had been previously "submitted to the court for consideration and decision." And the judgment recited that the "cause came on regularly for hearing on the twenty-first day of May, 1894, to which day the same had been duly and regularly continued, on the demurrer of said relator to the answer of said respondent." The demurrer was unnecessary, but was not an inappropriate means of raising an issue on the "questions of law" presented by the answer. And it sufficiently appears from the recitals referred to that there was a hearing and a submission, not merely of

the demurrer, but of the cause on the pleadings.    If this were not so, appellant should have shown the incorrectness of the recitals by a bill of exceptions or otherwise, which he has not done.    Such a hearing was a sufficient compliance with the requirements of said section 1088 of the Code of Civil Procedure.

It is true that the judgment further recites that the appellant did not appear on said twenty-first day of May; but, as the hearing of the cause was regularly continued to that day, he could not divest the court of the power to complete the same by absenting himself.

The judgment should be affirmed.

Vanclief, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.