[Sac. No. 786.   Department Two. — November 18, 1901.]

JACKSON SCHOOL DISTRICT OF AMADOR COUNTY, Appellant, v. C. L. CULBERT, Auditor, etc., Respondent.

MANDAMUS — DEFAULT OF DEFENDANT — DENIAL OF WRIT — APPEAL — ERROR NOT APPEARING. — In a *mandamus* proceeding, the allegations of the petition are not taken as true because of the default of the defendant, but the court must hear the cause notwithstanding, and where, upon such hearing, the writ was denied, the judgment of the court must be affirmed upon appeal of the defendant, if it is not shown by the record that the court erred in refusing the writ, and that such a case was made before it as required its issuance.

APPEAL from a judgment of the Superior Court of Amador County.   R. C. Rust, Judge.

The facts are stated in the opinion of the court.

E. A. Freeman, and W. H. Willis, for Appellant.

C. P. Vicini, and William J. McGee, for Respondent.

TEMPLE, J.—This appeal is from a judgment of the superior court of Amador County refusing to issue its mandate to the auditor of that county, requiring and commanding him to levy a school tax of forty-three cents upon each one hundred dollars of the equalized assessment roll of the county.   It is alleged in the verified petition that the county superintendent and the county auditor, on or before the fifth day of September, 1899, made, respectively, as required by law, an estimate of the minimum amount required for the county school fund for the ensuing year, which amount was $16,854, being six dollars for each census school child in the county.   The equalized assessment roll for the year showed $4,673,220.   After deducting from this amount fifteen per cent for delinquencies, and dividing the said $16,854 by the sum so obtained, it would give forty-three cents upon each one hundred dollars as the minimum school tax for the county.   The supervisors, when they met to levy the county tax, made the levy for thirty-two cents on the one hundred dollars, and refused to levy the minimum rate allowed, of forty-three cents.   Upon this failure of the board of supervisors, due demand was made upon respondent, as auditor, that he should levy the tax, and add the said minimum rate to the assessment roll, but he declined to do so, and this proceeding was brought.

No answer was filed by the respondent.   The judgment, after a recital of preliminary matters, among which is the statement that C. P. Vicini and William J. McGee appeared as counsel for respondent, is: "It is hereby ordered, adjudged, and decreed that said petition be, and the same is, hereby denied."

It is said that the court filed an opinion, but it is not before us, and we can only surmise upon what ground the writ was denied.   The opinion, however, if we were at liberty to take it into consideration, would not supply the defect.   Section 1088 of the Code of Civil Procedure provides: "The writ cannot be

granted by default. The case must be heard by the court, whether the adverse party appear or not." If the trial court cannot grant the relief upon the pleadings, it would seem to follow that this court cannot reverse a judgment denying the writ, unless it is made to appear that such a showing was made before the lower court as would require the issuance of the writ. As the allegations of the petition are not taken as true because of the default, it may be that it was there shown that the board of supervisors had fully performed their duty. At all events, appellant must show by the record that the court erred in refusing the writ, or the judgment must be affirmed, and it is so ordered.

McFarland, J., and Henshaw, J., concurred.