[Civ. No. 422.   Third Appellate District.—February 20, 1908.]

## JAMES FERGUSON, Appellant, v. BOARD OF EDUCATION OF SONOMA COUNTY and MINNIE COULTER, Superintendent of Schools, Respondents.

MANDAMUS—PRIOR DEMAND FOR RELIEF ESSENTIAL.—Before applying to the court for a writ of mandate, the applicant must make a demand upon the defendants to perform the act sought to be enforced by the writ.

ID.—APPLICATION TO COMPEL DELIVERY OF SUSPENDED HIGH SCHOOL CERTIFICATE—ISSUES AS TO DEMAND AND REFUSAL—SUPPORT OF FINDINGS—PRESUMPTION UPON APPEAL.—Where a writ of mandate was sought in the superior court to compel defendant to deliver up a suspended high school certificate, and issues were sufficiently joined upon an alleged demand upon defendants before suit for the relief sought, and their alleged refusal to grant it, and the findings upon such issues were against the applicant, upon an appeal taken by him upon the judgment-roll, without the evidence, it must be presumed that the findings were supported by sufficient evidence, and the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of Sonoma County. A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

S. V. Costello, and Costello & Costello, for Appellant.

C. H. Pond, and R. L. Thompson, for Respondents.

CHIPMAN, P. J.—*Mandamus.* Petitioner prayed for a writ directing defendants to issue and deliver to him a high school certificate. Defendants had the judgment, from which plaintiff appeals on the judgment-roll alone.

It is alleged in the complaint that on August 1, 1901, there was duly issued to him a high school certificate by defendant board, which said certificate was to continue in force for the period of six years from its date; that pursuant to proceedings taken by said board on July 9, 1904, it wrongfully and unlawfully passed the following resolution: "Be it resolved

that the certificate of the said James Ferguson (plaintiff) be and is hereby indefinitely suspended for unprofessional conduct and evident unfitness for teaching.'' It was alleged ''that said plaintiff has repeatedly demanded of the said board of education, and of and from the said members thereof, first above named, that they set aside the said alleged order suspending said certificate, and issue and deliver to him his high school certificate, as aforesaid,'' and ''that said board and said members still continue to refuse and fail to issue and deliver to said plaintiff his certificate or to revoke, annul, or set aside said alleged order of suspension of said certificate.''

The court found that plaintiff ''never made demand upon the defendant, the County Board of Education of the County of Sonoma, California, nor upon any of its members, to be reinstated as a regularly authorized teacher of said county, nor to revoke said order of said Board of Education indefinitely suspending the plaintiff's certificate as a teacher . . . nor to restore the plaintiff's said certificate to teach . . . prior to the commencement of this action, nor at all.'' As conclusion of law the court found that no legal demand was made upon defendants ''to reinstate the plaintiff's authority to teach . . . nor to revoke the order . . . suspending the teacher's certificate of the plaintiff . . . nor to restore plaintiff's said certificate . . . revoked by said board of education on the 9th day of July, 1904; that said demand is a necessary precedent to the maintaining of said action, and to the issuing of a writ of mandamus in said matter.'' The writ was therefore denied.

The sole point made on the appeal is, ''That a demand is admitted upon the pleadings and the findings do not therefore support the judgment.''

By the answer the defendants ''deny that the plaintiff did repeatedly demand, or did at any of the times mentioned in the amended complaint herein or at all, demand of the said board . . . that they set aside the said order or resolution indefinitely suspending the plaintiff's certificate as alleged therein; and further specifically deny that said Board of Education or any of the members thereof . . . at any of the times mentioned in said amended complaint, or at all, refused, wrongfully . . . or that they or any of them refused

wrongfully . . . or at all, or that they or any of them still continue to refuse to issue or deliver to the plaintiff herein his said certificate, or to revoke or annul or set aside said order indefinitely suspending said certificate.''

The principal issue presented by the complaint was the validity of the board's action in suspending plaintiff's certificate and the remedy he was asking was the revocation of this alleged order of suspension, the effect of which would have been to leave his certificate in force. But whether or not this would follow we think the averments of demand were sufficiently traversed to warrant the court in taking evidence upon that issue and we must presume that the evidence so taken supported the findings.

It is a rule of law that before making an application for the writ of *mandamus* demand must be made on the defendant to perform the act sought to be enforced by the writ. (*Price* v. *Riverside L. & I. Co.,* 56 Cal. 431.)

Respondents contend that under section 1088 of the Code of Civil Procedure it was incumbent upon appellant to allege and prove demand whether denied or not. Where default is made the section seems to uphold this view; and in *Jackson School District* v. *Cuthbert,* 134 Cal. 508, [66 Pac. 741], where the defendant failed to answer, it was said: ''If the trial court cannot grant the relief on the pleadings, it would seem to follow that this Court cannot reverse a judgment denying the writ, unless it is made to appear that such showing was made before the lower court as would require the issuance of the writ.'' This decision seems to be in conflict with the decisions in *Pereria* v. *Wallace,* 129 Cal. 397, [62 Pac. 61], and *Hayward* v. *Pimental,* 107 Cal. 386, [40 Pac. 545]. In the Pereria case there was no answer; in the Hayward case there was an answer. Section 1088 reads: ''The writ cannot be granted by default. The case must be heard by the court, whether the adverse party appear or not.'' In the Pereria case the court seems to have relied upon section 1049 of the Code of Civil Procedure, which reads: ''If no answer be made, or if the answer raise no material issue of fact, the hearing must be before the court. If no answer be made, the case must be heard upon the papers of the applicant.'' As we think the issue of demand was sufficiently presented and as the presumption is, in the ab-

sence of the evidence, that the findings were supported by the evidence, we prefer not to express an opinion upon the point suggested by respondents.

Furthermore, on the appeal from the judgment alone it must be presumed that the evidence supported the findings, and, as the latter support the judgment, we must presume that the question of fact as to the demand was heard and determined by the court as though made an issue by the pleadings.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1908.