[Civ. No. 706. Second Appellate District.—June 25, 1909.]

E. RABIN and SARAH RABIN, Petitioners, v. H. A. PIERCE, Justice of the Peace for Los Angeles Township, etc., Respondent.

CERTIORARI—IMPROPER DISMISSAL OF APPEAL FROM JUSTICE'S COURT— EXECUTION ISSUED BY JUSTICE—MINISTERIAL ACT.—When an action appealed from a justice's court to the superior court has been improperly dismissed therefrom, whatever may be the remedy of the appellants for such improper dismissal, they cannot invoke the writ of *certiorari* to review and annul the ministerial act of the justice in issuing execution thereafter upon the judgment.

ID.—POWER OF SUPERIOR COURT TO DISMISS APPEAL.—The superior court can only dismiss an appeal taken thereto from the justice's court on questions of law and fact, in case the appeal has not been properly perfected.

ID.—DISMISSAL NOT ALLOWABLE FOR WANT OF PROSECUTION—DUTY OF PLAINTIFF TO PROSECUTE CASE.—The superior court has no power to dismiss an appeal for want of prosecution by the appellant. It is the duty of the plaintiff to prosecute the appeal to final judgment.

ID.—EFFECT OF PERFECTED APPEAL—DUTY OF SUPERIOR COURT TO DE- TERMINE CASE.—Where the appeal is duly perfected, it is the duty

of the superior court to determine the case as if it had been commenced by the plaintiff therein, and the final judgment must be rendered and enforced in the superior court.

PETITION for writ of review to annul an execution issued in the justice's court of Los Angeles township, Los Angeles county, after dismissal of an appeal therefrom by the superior court for want of prosecution by the appellant.

Hanson, Hackler & Heath, for Petitioners.

THE COURT.—It is made to appear by the verified petition in this case that a judgment was regularly entered by the respondent justice against petitioners, in March, 1907; that within due time an appeal was perfected to the superior court of Los Angeles county and the papers transmitted thereto, and said cause placed upon the calendar of said court. That afterward, on the 27th of May, 1909, plaintiff moved the superior court to dismiss the appeal, assigning as a reason therefor that the same had not been prosecuted by appellant with reasonable diligence. On the 29th of May, the defendants, petitioners herein, moved to dismiss the action for the reason that plaintiff had failed for a period of two years after said cause had been appealed to the superior court, and after the cause had been at issue, to bring said action to trial. Upon the hearing of these motions, the superior court denied the motion to dismiss the action, but entered an order granting the motion to dismiss the appeal, and instructed the clerk to send the files back to the justice's court. The justice, respondent herein, assuming authority by virtue of this last-mentioned order, issued an execution out of the judgment originally entered by him and from which the appeal was taken, and the same is in the hands of a constable of the township, and the constable is seeking, by levy, to enforce the same. Petitioners ask this court for an order directing the justice to send up all papers in the cause before him, and that this court review the action of the justice and command the justice to desist from any further proceedings in said action, and to recall the execution issued.

The appeal in this case having been one upon questions of both law and fact, when the same was perfected, the judgment of the justice was vacated and set aside, and the cause

was transferred with the entire record to the superior court to the same effect as if the action had originally been brought therein. The judgment of the superior court upon such an appeal is executed just as if the action had originally been brought therein and is not remitted to the justice's court for any purpose. (*Bullard* v. *McArdle,* 98 Cal. 355, [35 Am. St. Rep. 176, 33 Pac. 193].) Section 980 of the Code of Civil Procedure, which confers upon the superior court power to dismiss an appeal with costs, or costs and penalty, for a failure to prosecute the same, has been by the supreme court of this state in the case of *Alexander* v. *Municipal Court of Appeals* (Cal.), 4 Pac. 961, held to apply only to cases wherein there was a failure technically to perfect the appeal.

There is no warrant for the superior court to dismiss an appeal, after the same is once fully perfected, upon the motion of the plaintiff because the appellant has failed to prosecute the appeal with diligence. The authority last cited determines the proposition that where the appeal is upon questions of both law and fact, that the plaintiff is the actor in the superior court, and that it is his duty to cause the prosecution of the action to a final determination, and no duty in that regard devolves upon a defendant, who is the appellant, notwithstanding he is invoking the jurisdiction of the appellate court.

It is unnecessary for us upon this application to determine whether the order of the superior court dismissing the appeal was without jurisdiction, as held in *Carlson* v. *Superior Court,* 70 Cal. 628, [11 Pac. 778], *Hall* v. *Superior Court,* 68 Cal. 24, [8 Pac. 509], and other cases; or, within its jurisdiction but erroneous, as held in *Buckley* v. *Superior Court,* 96 Cal. 120, [31 Pac. 8]. Under either view, this application must be denied. The only act of the justice of the peace complained of, or subject to complaint, as affecting the respondent, relates to the issuance of the execution out of the judgment originally entered by him and from which the appeal was taken. The issuance of an execution by such justice is a ministerial act only. (*Hamilton* v. *Tutt,* 65 Cal. 57, [2 Pac. 878]; *Town of Hayward* v. *Pimental,* 107 Cal. 390, [40 Pac. 545].) The writ sought can only issue where it is shown that an inferior tribunal, board, or officer exercising judicial functions has exceeded its or their jurisdiction. The

character of the act, and not that of the tribunal, is the proper subject of inquiry. If petitioners have any relief in the premises, it is not that of *certiorari,* and whatever may be the effect of the action of the superior court, this application must be denied.

Application denied.