[Civ. No. 674.   Third Appellate District.—October 6, 1909.]

S. LEWIS, Petitioner, v. SUPERIOR COURT OF BUTTE COUNTY, and WARREN SEXTON, Judge Thereof; JOHN C. GRAY, Substituted for Warren Sexton, Deceased, Respondents.

PROHIBITION—TRIAL OF APPEAL FROM JUSTICE'S NONSUIT—DEATH OF JUDGE—SERVICE OF ALTERNATIVE WRIT UPON SUCCESSOR—RETURN—WRIT DENIED.—Where the superior judge who had refused to dismiss an appeal from a justice's court which granted a nonsuit, taken upon questions of law and fact, without any statement, and had set the case down for trial *de novo*, died before the service upon him of an alternative writ of prohibition, which was served upon his successor, who made return that he had not passed upon the matter, and denying that he will, unless prohibited, proceed and try said case *de novo*, and prays for an opportunity to hear the matter before the writ is issued, the peremptory writ should not issue under the circumstances, and will be denied.

ID.—SUPERIOR COURT MADE A PARTY—MOTIVE POWER IN JUDGE—SERVICE OF WRIT.—While the superior court is made a party to the alternative writ, the motive power of its machinery resides in the judge. The court speaks only through its presiding officer, and through him alone can service be made upon the court of an alternative writ of prohibition.

ID.—INSUFFICIENT SHOWING AGAINST SUCCEEDING JUDGE—ABSENCE OF DEMAND, REFUSAL OR THREAT.—When there is no showing that the successor of the deceased judge would not, upon motion, set aside the order refusing to dismiss the appeal and setting the case for trial *de novo*, and grant the relief prayed for, nor that any demand was made upon him to do so, nor that he refused to do so, nor that

he threatened to try the case, before service upon him of the alternative writ, and in view of his return thereto, there is nothing to justify the writ of prohibition.

ID.—PREREQUISITE TO PROHIBITION.—Before a judge can be prohibited from doing an act, it must appear that he is about to proceed or threatens to do the act sought to be prohibited.

ID.—EFFECT OF NONSUIT—ABSENCE OF TRIAL UPON MERITS—QUESTION OF LAW.—Where a nonsuit has been granted for insufficient facts, there has been no trial upon the merits; and the ruling of the trial court on motion for a nonsuit presents a question of law.

ID.—PREREQUISITE TO TRIAL DE NOVO—TRIAL OF ISSUES IN JUSTICE'S COURT.—An action commenced in the justice's court cannot be tried anew in the superior court until the issues of fact have been tried in the justice's court.

PETITION for writ of prohibition to the Superior Court of Butte County. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Bond & Hays, for Petitioner.

John C. Gray, Judge, Respondent in *pro. per.*

CHIPMAN, P. J.—The action is brought to prohibit the defendants from proceeding to try the case *de novo* in which H. S. Parker is plaintiff and the petitioner here is defendant. It appears that the action last above referred to was commenced in the justice court of Chico township; it came on for trial; the plaintiff submitted his evidence and rested, whereupon defendant moved for a judgment of nonsuit and dismissal of the action on the ground that the plaintiff had failed to prove his alleged cause of action, and the facts were insufficient to constitute a cause of action. The motion was granted and judgment of nonsuit and dismissal of the action duly entered. Plaintiff thereupon served notice of appeal to the superior court "on questions of both law and fact." The appeal was perfected and "certified copy of the justice's docket, together with the pleadings, all notices, motions and all other papers filed in the cause, the notice of appeal and undertaking, was filed in the clerk's office of the superior court." It further appears that "said H. S. Parker, plaintiff, did not prepare a statement of the case and file the same with the said justice or judge, nor was any such statement

prepared and filed or prepared or filed, or at all.'' Some time after the said appeal was perfected and the said papers filed with the clerk of the superior court, as aforesaid, defendant moved the court, after due notice of the motion to plaintiff Parker, to dismiss the appeal ''upon the ground that the said appeal was taken upon questions of law, and that no statement of the case was made or filed in the justice's court from which the appeal was taken''; and that ''an involuntary judgment of nonsuit is a question of law, and that the appeal was not perfected . . . because of there having been no statement of the case filed in the said justice's court.'' The motion came on for hearing and was denied by the court, ''and the court thereupon set the case down for trial *de novo* in the said superior court,'' to which defendant objected on the grounds above stated and that the ''said superior court was without jurisdiction to do otherwise than to dismiss the said appeal, which said objection of the defendant was overruled by the said superior court, and defendant excepted thereto.'' The writ of this court is prayed for to prohibit the said superior court from trying said case *de novo*.

Before the alternative writ was served defendant, the Honorable Warren Sexton, died; the Honorable John C. Gray was duly appointed to fill the vacancy; and an order was made duly substituting him as defendant, and service was made upon him. Judge Gray makes return that the matter set forth in the petition has never been brought before him for hearing, and denies that he will, unless prohibited by this court, proceed to try the said case *de novo,* and prays that before any writ issue he be given an opportunity to hear the said matter.

While the superior court is made a party defendant, the motive power of its machinery resides in the judge of that court; it speaks only through its presiding officer, through whom alone service can be made upon it. We cannot know but that the successor of Judge Sexton would, upon motion, set aside the order overruling defendant's motion to dismiss the action and the order setting the case down for trial *de novo,* and upon a renewal by defendant of his motion to dismiss the appeal, grant the relief prayed for. The writ of prohibition is the counterpart of the writ of mandate (Code Civ. Proc., sec. 1102); and we held in *Ferguson* v. *Board of Education,* 7 Cal. App. 568, [95 Pac. 165], that the applicant

must make a demand upon the defendants to perform the act sought to be enforced by the writ. It would seem reasonable to require that before a judge should be prohibited from doing an act, it should appear that he is about to proceed or threatens to do the act. Respondent denies in his return that he will do the act complained of unless prohibited. We think, therefore, that the peremptory writ should not issue under the present circumstances.

It may not be out of place, however, to state the law as we understand it. Where a nonsuit is granted for insufficient facts, there has been no trial on the merits (*Smith* v. *Superior Court,* 2 Cal. App. 531, [84 Pac. 54]); the ruling of the trial court on motion for a nonsuit presents a question of law (*Hanna* v. *De Garmo,* 140 Cal. 174, [73 Pac. 830]); an action commenced in the justice's court cannot be tried anew in the superior court until the issues of fact have been tried in the justice's court. (*Null* v. *Superior Court,* 4 Cal. App. 207, 210, [87 Pac. 392].)

We suggest that petitioner should be permitted to move the court to set aside and vacate its order refusing to dismiss the appeal and setting the case for trial *de novo,* and to renew his motion to dismiss the appeal and his objections to try the case *de novo.* The present trial judge will then have an opportunity to rule upon the matter, and should he adhere to the view of his predecessor, petitioner will have his remedy open to him.

The writ is denied.

Hart, J., and Burnett, J., concurred.