[Civ. No. 4127.   Second Appellate District, Division Two.—April 23, 1926.]

ELMER M. JAQUITH, as Executor, etc., v. JUSTICE'S COURT, etc., et al., Respondents.

[1] APPEAL—ORDER REFUSING WRIT OF PROHIBITION—FAILURE TO SUPPORT ALLEGATIONS OF PETITION—BILL OF EXCEPTIONS.—An order of the superior court refusing to issue a writ of prohibition will be affirmed on appeal where the bill of exceptions does not show that such refusal was not based on a failure of appellant to support the allegations of his petition by proof.

[2] ID.—JUDGMENTS—BURDEN OF SHOWING ERROR.—The burden is on one who appeals from a judgment of the superior court to convince the appellate court that it was rendered through error.

(1) 4 C. J., p. 732, n. 85.    (2) 4 C. J., p. 732, n. 86, p. 733, n. 87.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodspeed & Pendell for Appellant.

James L. Allen for Respondents.

WORKS, J.—E. C. Jaquith was originally the petitioner in this proceeding. After the present appeal was prosecuted he departed this life and Elmer M. Jaquith, executor of the last will and testament of E. C. Jaquith, deceased, was substituted in his place as appellant and petitioner.

This is a proceeding for the writ of prohibition. Petitioner appeals from an order or judgment of the trial court refusing to issue a peremptory writ.

Upon the filing of the petition the trial court issued its alternative writ of prohibition and the writ was served upon the respondents. After some sort of hearing, the nature of which is not clearly confided to us, the court made its order refusing to issue the peremptory writ. The record comes to us by bill of exceptions. The bill recites: "No answer or pleading of any kind was filed by the defendants, or either of them, in said matter above entitled." Following a copy of the petition for the writ and copies of other papers which were served with it, the bill of exceptions next contains the recital that it appearing that the defendants had been duly and regularly served with the writ and other necessary papers, "the matters mentioned in said Petition were argued" by the respective attorneys, whereupon the court "made its order denying said Petition." A copy of the order is then set forth in the bill. It shows: "This matter coming on regularly to be heard," the parties on each side being "represented" by

2. See 2 Cal. Jur. 493; 2 R. C. L. 131.

counsel, who are named, and "after hearing the arguments of counsel for both parties and after listening to the authorities cited in support of said arguments, the court being fully advised in the premises, denies the plaintiff's application to make the Writ permanent." This constitutes the total material showing of the bill of exceptions.

[1] Unless we are able to determine from this unsatisfactory record that the court's refusal to issue a peremptory writ did not spring from a failure of appellant to support the allegations of his petition by proof, the court's order must be affirmed without going further. If the record allows the assumption that evidence was introduced and considered, we must also assume that the decision turned upon a question of fact and that the evidence supported the order which was made. We are bound to resolve all possible intendments in favor of the ruling of the court. Section 1088 of the Code of Civil Procedure, which concerns the writ of mandate, but which by section 1105 of the same code is made to apply also to the writ of prohibition, provides: "The writ cannot be granted by default. The case must be heard by the court, whether the adverse party appears or not." Section 1094, which is also made to apply to the writ of prohibition by section 1105, contains the following: "If no answer be made, the case must be heard on the papers of the applicant." There are at least two decisions which seem directly to bear upon the meaning of these two sections. The first of these cases is *Pereria* v. *Wallace,* 129 Cal. 397 [62 Pac. 61], a proceeding for the writ of mandate which was commenced in the superior court. The writ issued and the defendant appealed. The facts show that a demurrer to the petition was interposed, but that, the demurrer having been overruled, no answer was filed. The opinion of the supreme court then recites that "the matter was heard upon the complaint, and the court made, and filed findings, and ordered a writ of mandate to issue . . ." The conclusion of the court was stated in this language: "Appellants . . . contend that the judgment is contrary to law and void; that the writ cannot be granted by default. (Citing Code Civ. Proc., sec. 1088.) The complaint was verified, and the failure of the defendants to answer conceded the truth of all the facts alleged. Facts so conceded do not

need to be otherwise proved. (Code Civ. Proc., sec. 1094; *Hayward* v. *Pimental,* 107 Cal. 390 [40 Pac. 545].)'' The remaining case to which we have referred is *Jackson School District* v. *Culbert,* 134 Cal. 508 [66 Pac. 741]. In that proceeding the superior court rendered judgment refusing to issue the writ of mandate and the petitioner for the writ appealed. Following is the language of the supreme court in disposing of the questions arising upon the appeal: ''No answer was filed by the respondent. The judgment, after a recital of preliminary matters, among which is the statement that C. P. Vicini and William J. McGee appeared as counsel for respondent, is: 'It is hereby ordered, adjudged, and decreed that said petition be, and the same is, hereby denied.' It is said that the court filed an opinion, but it is not before us, and we can only surmise upon what ground the writ was denied. The opinion, however, if we were at liberty to take it into consideration, would not supply the defect. Section 1088 of the Code of Civil Procedure provides: 'The writ cannot be granted by default. The case must be heard by the court, whether the adverse party appear or not.' If the trial court cannot grant the relief upon the pleadings, it would seem to follow that this court cannot reverse a judgment denying the writ unless it is made to appear that such a showing was made before the lower court as would require the issuance of the writ. As the allegations of the petition are not taken as true because of the default, it may be that it was there shown that the board of supervisors had fully performed their duty. At all events, appellant must show by the record that the court erred in refusing the writ or the judgment must be affirmed and it is so ordered.'' It is said in *Ferguson* v. *Board of Education,* 7 Cal. App. 568 [95 Pac. 165], that there is a conflict in the two opinions of the supreme court from which we have just quoted, but it appears to us, from a consideration of the effect of the two cases, that the conflict does not exist. In the Pereria case a demurrer was interposed to the petition for the writ of mandate, but no answer was filed. The opinion in the Culbert case shows that no answer was presented there, and an examination of the record on appeal shows also that no demurrer was filed. There was therefore no appearance whatever in the latter proceeding. This difference in the two cases seems to place

them upon an entirely different footing. That they do not conflict in result appears from an examination of other cases decided by the supreme court. In a proceeding for the writ of prohibition it was said that "the legal effect of the [demurrer] was to admit the truth of allegations of the [petition]" (*Heilbron* v. *Campbell*, 5 Cal. Unrep. 745 [23 Pac. 1032]). In another proceeding of the same nature this language occurs: "The cause was submitted on a demurrer to the petition. The facts alleged are therefore admitted to exist" (*Favorite* v. *Superior Court*, 181 Cal. 261 [8 A. L. R. 290, 184 Pac. 15]). The context of each of the opinions in these two cases shows that it was by them determined, not that the facts alleged were admitted by demurrer merely for the purposes of the demurrer, but that they were admitted for all purposes. This result seems to have sprung from the view that a demurrer in a prohibition or mandate proceeding is equivalent to an "answer" under the provisions of section 1094 of the Code of Civil Procedure, when a respondent has appeared by demurrer and has submitted the proceeding for decision thereon. This result is doubtless upon the theory that it is to be deemed that the respondent thereby admits that he cannot deny the allegations of the petition. The rule stated in the Heilbron and Favorite cases supports the conclusion reached in the Pereria case, although in the latter the court did say that the facts alleged in the petition were conceded by a *failure to answer,* not by the filing of demurrer and the submission of the proceeding thereon. This circumstance appears at first glance to be trivial, as in the Pereria case the proceeding was submitted upon the petition and the demurrer thereto, exactly as in the Heilbron and Favorite cases, but the circumstance appears to be worthy of mention as it apparently misled the court in *Ferguson* v. *Board of Supervisors, supra.*

It now appears that *Jackson School District* v. *Culbert, supra,* stands alone, unimpeached by any utterance of the supreme court in any other decision. When the court says in that case, "If the trial court cannot grant the relief upon the pleadings," we think, upon a consideration of what immediately follows the expression, that it meant to decide that a trial court cannot grant the writ upon the petition, where no demurrer or answer is filed. When the

court says further, in that case, "As the allegations of the petition are not taken as true because of the default," we understand, considering what follows those words, that the court decides that the allegations of a petition for the writ are not taken as true because of a default.  The district court of appeal of the third district was evidently inclined to the same view in *Ferguson* v. *Board of Education, supra,* although the court found it unnecessary to decide the point, for it was said in the opinion there rendered: "Respondents contend that under section 1088 of the Code of Civil Procedure it was incumbent upon appellant to allege and prove demand whether denied or not.  Where default is made the section seems to uphold this view; and in *Jackson School District* v. *Culbert,* 134 Cal. 508 [66 Pac. 741], where the defendant failed to answer, it was said: 'If the trial court cannot grant the relief on the pleadings, it would seem to follow that this court cannot reverse a judgment denying the writ, unless it is made to appear that such showing was made before the lower court as would require the issuance of the writ.' "

When we come to apply the Culbert case to the present controversy the situation becomes plain.  The trial court could not have issued the writ upon the allegations of the petition.  The hearing of evidence to support the pleading must have preceded such a result.  This is equivalent to saying that the court could not have tried the facts of the case except upon the consideration of evidence introduced to prove the allegations of the petition, whether the decision were to be rendered on the facts either in favor of or against the petitioner.  Of course, the reception of such evidence was not strictly necessary to a denial of the petition, for the court might have refused the writ under the issue of law arising upon the face of the pleading itself.  There is, however, no showing by the bill of exceptions that the issuance of the writ was denied on that ground.  No demurrer was filed—the bill of exceptions affirmatively shows that.  There was no "appearance" in opposition to the petition, but the court permitted "attorneys" of respondent to present argument in his behalf at the hearing of the case which was had.  The bill of exceptions is barren of a showing that any objection was made by these attorneys to the legal sufficiency of the petition.  Again, the

bill does not show that the court entertained or expressed the view that it was insufficient. The bill also fails to show whether or not evidence was heard in support of the petition. In short, we are left altogether in the dark upon the question whether the petition was denied under an issue of fact or under an issue of law. [2] It is a settled rule that the burden is upon one who appeals from a judgment of a superior court to convince the appellate court that it was rendered through error. Under this rule it was incumbent upon appellant to bring to us a bill of exceptions showing, if such was the case, that the denial of the writ for which he prayed did not result from a failure on his part to support his petition by proof. In the absence of such a showing we are bound to assume that the writ was denied for that reason, and not only so, but that the evidence which was heard justified the finding of the trial court that it was not sufficient to warrant the issuance of the writ. These views find ample support, among many cases, in *Jackson School Dist.* v. *Culbert, supra.*

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.